**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

RONNIE JOE FORTE                                                           PLAINTIFF

v.                                                         CIVIL ACTION NO. 5:23-cv-57-CRS

HOPKINSVILLE HOUSING AUTHORITY et al.                      DEFENDANTS

<u>**MEMORANDUM OPINION**</u>

Plaintiff Ronnie Joe Forte brought this *pro se*, *in forma pauperis* lawsuit.  This matter is

before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

For the following reasons, the Court dismisses Plaintiff's lawsuit.

**I. STATEMENT OF CLAIMS**

Plaintiff sues the Hopkinsville Housing Authority, now known as New Hope Properties,

and Valerie Williams, a "Section 8" Housing Specialist, under Title VIII of the Civil Rights Act

of 1968 (the Fair Housing Act) and the Fair Housing Amendment Act (collectively, the "FHA").

Plaintiff alleges that he applied "for an apartment after learning he had section 8."  He states that

his application was denied "when they learned I had pending drug charges . . . I was denied on a

blanket ban which deny me of housing based on my criminal history."  He requests damages and

injunctive relief.

**II. STANDARD OF REVIEW**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant

action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608.  Upon review,

this Court must dismiss a case at any time if the Court determines that the action is "frivolous or

malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  When screening the

complaint, the Court must construe it in the light most favorable to Plaintiff and accept well-pled

allegations as true.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).  And while a reviewing

court liberally construes *pro se* pleadings, *see id.* at 471; *Boag v. MacDougall*, 454 U.S. 364, 365

(1982), a complaint must include "enough facts to state a claim to relief that is plausible on its

face" in order to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. ANALYSIS

Under the FHA, it is unlawful "[t]o refuse to sell or rent after the making of a bona fide

offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a

dwelling to any person because of race, color, religion, sex, familial status, or national origin."

42 U.S.C. § 3604(a).  Plaintiff, however, does not allege that discrimination occurred on any of

these bases.  Instead, Plaintiff alleges that he was denied housing because of criminal charges

pending against him.

The FHA does not prohibit discrimination on the basis of criminal history.  *See, e.g.*,

*Robertson v. Olsen*, No. CV 3:22-05276, 2023 WL 5284480, at *2 (W.D. La. July 31, 2023) (and

cases therein), *report and recommendation adopted*, 2023 WL 5281513 (W.D. La. Aug. 16,

2023); *Smith v. U.S. Dep't of Hous. & Urb. Dev.*, No. 1:22-CV-0788, 2022 WL 18107588, at *2

(W.D. Mich. Dec. 30, 2022), *report and recommendation adopted*, 2023 WL 34554 (W.D. Mich.

Jan. 4, 2023); *Nickell v. Metro.*, No. 3:18-CV-88-TRM-DCP, 2018 WL 2392849, at *2 (E.D.

Tenn. May 7, 2018) ("[D]enial of a rental application on the basis of an applicant's criminal

background is insufficient to trigger protection under the [FHA]. . . . Plaintiff has not alleged that

Defendants denied his rental application on any of the protected grounds set forth by the FHA."),

*report and recommendation adopted*, 2018 WL 2392830 (E.D. Tenn. May 25, 2018).

Additionally, the FHA provides:

> [I]n selecting among applicants for admission to the program or to federally assisted housing, if the public housing agency or owner of such housing (as applicable) determines that an applicant . . . is or was, during a reasonable time preceding the date when the applicant household would otherwise be selected for admission, engaged in any drug-related . . . criminal activity . . ., the public housing agency or owner may—
>
> (1) deny such applicant admission to the program or to federally assisted housing[.]

42 U.S.C. § 13661(c).  Plaintiff states that the pending charges against him are drug-related.

For the foregoing reasons, the Court will enter a separate Order dismissing this lawsuit

for failure to state a claim upon which relief may be granted.

Date:  November 29, 2023

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4411.009